SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Richard Lee Thompson,                    )   No. CV 12-0644-PHX-DGC (ECV)
                                          )
            Plaintiff,                    )   **ORDER**
                                          )
vs.                                       )
                                          )
John Doe, et al.,                         )
                                          )
            Defendants.                   )
                                          )

Plaintiff Richard Lee Thompson, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 without paying the $350.00 filing fee or an Application to Proceed *In Forma Pauperis*.  (Doc. 1.) Because it appeared that Plaintiff had at least "three strikes" under 28 U.S.C. § 1915(g), the Court ordered Plaintiff to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding *in forma pauperis* without prepayment in full of the filing fee for this action.[1]  (Doc. 3.)

---

[1]  Plaintiff has filed at least 15 prior lawsuits in this District while he has been a prisoner and that at least six of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g): Thompson v. Clinton, 94-CV-892-PHX-CAM (BGS) (D. Ariz. Order of dismissal filed March 14, 1995); Thompson v. Romer, 94-CV-897-PHX-CAM (BGS) (D. Ariz. Order of dismissal filed March 13, 1995); Thompson v. Known and Unknown Persons, 94-CV-1029-PHX-CAM (BGS) (D. Ariz. Order of dismissal filed March 13, 1995); Thompson v. Symington, 95-CV-973-PHX-CAM (BGS) (D. Ariz. Order of dismissal filed July 27, 1995); Thompson v. Kelly, 95-CV-1048-PHX-CAM (BGS) (D. Ariz. Order of dismissal filed June

1    Plaintiff has filed an "Affidavit and Answer" to the Order.[2] (Doc. 5.) Plaintiff states

2  that he authorized payment from his inmate trust account to pay the filing fee and that a

3  check was sent to the Court for the filing fee, but was returned. The Court has conferred with

4  the Phoenix Finance Office. The Phoenix Finance Office has no record of receiving a

5  $350.00 payment from the prison on Plaintiff's behalf since the filing of this action. Absent

6  a receipt, which Plaintiff states that he does have, nothing of record supports Plaintiff's

7  assertion that full payment was ever proffered, received, or returned.[3]

8    Plaintiff in part asserts that he believes the Court is biased against him, apparently

9  based on the Show Cause Order. Accordingly, the Court considers whether recusal in this

10  matter is appropriate.

11    Section 455(a) of title 28 provides that a United States judge or magistrate judge

12  "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be

13  questioned." Section 455(b)(1) provides that a judge must also disqualify himself where he

14  "has a personal bias or prejudice concerning a party, or personal knowledge of disputed

15  evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only

16  if the bias or prejudice stems from an *extra*-judicial source, not from conduct or rulings

17  during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046

18  (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th

19  Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial

20  rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky

21  v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do

22  not form the basis for a recusal motion. Further, where the judge forms opinions in the

23

24  16, 1995); and Thompson v. Arizona Superior Court, 95-CV-2211-PHX-CAM (BGS) (D.
   Ariz. Order of dismissal filed October 31, 1995).

25

26    [2] Plaintiff's response is only partially legible.

27    [3] The Phoenix Finance Office returns partial payments from inmates as unauthorized
   unless a court order specifically grants the inmate leave to pay the filing fee incrementally.

28  The Court has not done so in this case.

1    courtroom, either in the current proceeding or in a prior proceeding, those opinions "do not

2    constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism

3    or antagonism that would make fair judgment impossible." Id.

4         Plaintiff fails to allege or show any basis for recusal under § 455.  Rather, he makes

5    conclusory assertions of partiality.  That is not a basis upon which the Court's impartiality

6    might *reasonably* be questioned for purposes of § 455(a).  Moreover, the Court does not have

7    a personal bias or prejudice concerning Plaintiff or other potential parties to this action or

8    personal knowledge of disputed evidentiary facts concerning this proceeding.  The Court

9    therefore finds that recusal is not warranted pursuant to § 455.

10        Plaintiff may also be seeking disqualification of the Court under 28 U.S.C. §§ 144 and

11   351.  Section 144 provides:

12            Whenever a party to any proceeding in a district court makes and files
13       a *timely and sufficient affidavit* that the judge before whom the matter is
         pending has a personal bias or prejudice either against him or in favor of any
         adverse party, such judge shall proceed no further therein, but another judge
14       shall be assigned to hear such proceeding.

15            The affidavit shall state the facts and the reasons for the belief that bias
16       or prejudice exists, and shall be filed not less than ten days before the
         beginning of the term at which the proceeding is to be heard, or good cause
17       shall be shown for failure to file it within such time.  A party may file only one
         such affidavit in any case.  It shall be accompanied by a certificate of counsel
         of record stating that it is made in good faith.

18

19   28 U.S.C. § 144 (emphasis added).

20        In this case, Plaintiff has filed an affidavit, but it is not a "timely and sufficient

21   affidavit."  He merely makes conclusory assertions of partiality, apparently based solely on

22   the issuance of the show cause order.  That is not a basis supporting disqualification pursuant

23   to § 144.[4]

24   _____

25        [4] Under § 144, "[w]henever a party to any proceeding in a district court makes and files a
26   timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias
     or prejudice . . . against him . . . , such judge shall proceed no further therein, but another judge shall
27   be assigned to hear such proceeding." Before another judge is to be assigned to hear the proceeding,
     however, the "judge against whom [the] affidavit of bias is filed" may determine its legal
28   sufficiency. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir.1978).  "Only after the legal
     sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further'

1

Finally, section 351(a) provides that:

2

3

4

5

Filing of complaint by any person.– Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, or alleging that such judge is unable to discharge all the duties of office by reason of mental or physical disability, may file with *the clerk of the court of appeals for the circuit* a written complaint containing a brief statement of the facts constituting such conduct.

6

28 U.S.C. § 351(a). Plaintiff's complaint was not filed with the clerk of the court of appeals

7

for the Ninth Circuit. Accordingly, to the extent that Plaintiff may be seeking relief pursuant

8

to § 351(a), he failed to properly file his complaint.

9

Plaintiff has not alleged facts or shown that the Court has a personal bias or prejudice

10

concerning Plaintiff or other parties to this action or personal knowledge of disputed

11

evidentiary facts concerning this proceeding. Plaintiff also has not filed a timely and

12

sufficient affidavit that supports that this Court has a personal bias or prejudice against him

13

or in favor of other parties to this case. Finally, Plaintiff's affidavit is not properly before

14

this Court to the extent that he seeks relief pursuant to 28 U.S.C. § 351(a). The Court

15

therefore finds that neither recusal, nor disqualification are warranted.

16

In the balance of Plaintiff's response, he lists the following: a show cause order

17

requires his appearance in court and he seeks a court hearing to show that he lacks access to

18

a law library; he confirms that he has not sought leave to proceed in forma pauperis, but

19

purports that someone else has; he asserts that he may find it necessary to file a second

20

amended complaint[5]; he was raped, beaten, and sodomized by civil and criminal defendants;

21

he contacted a law firm regarding representation; he filed timely grievances; he would like

22

an order directed to defendants; assertions concerning past acts; he seeks to strike past acts

23

from records as immaterial and prejudicial; he strenuously moves to strike the Court's order

24

to show cause where no objection has been made by the defense and to construe this action

25

26

in the case." *Id.* at 738; *see Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir.1988)

27

(A district judge need only assign the motion to another judge for a hearing "after the legal sufficiency of the affidavit is determined[.]"). For reasons stated above, the Court concludes that Plaintiff's conclusory affidavit is not legally sufficient.

28

[5] No amended complaint has been filed in this case.

- 4 -

1   in his favor; a paralegal has stated that she cannot support his case; a judge has declared him

2   the plaintiff, and he was tried and found not guilty and can never be prosecuted again under

3   the Double Jeopardy Clause of the Fifth Amendment.[6]

4           None of these assertions establish cause why this action should not be dismissed based

5   on three strikes under 28 U.S.C. § 1915(g).  To the extent that Plaintiff asserts that he was

6   raped, beaten, and sodomized, he wholly fails to allege any supporting facts, including when,

7   where, and by whom.  Moreover, he does not allege an *imminent* threat of serious physical

8   injury in his response or his Complaint.  Plaintiff having failed to show cause why this action

9   should not be dismissed pursuant to § 1915(g), the Complaint and this action will be

10  dismissed without prejudice to Plaintiff commencing a new case accompanied by the $350.00

11  filing fee.

12  **IT IS ORDERED:**

13          (1)     The Complaint (Doc. 1) and this action are **dismissed** pursuant to 28 U.S.C.

14  § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the

15  full $350.00 filing fee.

16          (2)     The Clerk of Court is directed to terminate this action.

17          (3)     The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

18  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

19  decision would not be taken in good faith.

20          DATED this 15th day of June, 2012.

21

22

23  _____

24                      David G. Campbell
                    United States District Judge

25

26

27

28  _____

    [6] Plaintiff was convicted by a jury in Yavapai County Superior Court of aggravated
    assault, unlawful flight, and theft and a prior out-of-state conviction was used to enhance his
    sentence.  See State v. Thompson, 924 F.2d 1048, 1049 (Ariz. Ct. App. 1996).